IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT BREZA and MARITZA BREZA )<br>)<br>        **Plaintiff,**    )<br>)<br>vs.                                )<br>)<br>RICHARD BREZA,       )<br>)<br>        **Defendant.**   )  | Case No.: 1:25-cv-9290 |

## COMPLAINT

NOW COMES, Plaintiffs, ROBERT BREZA and MARITZA BREZA, by and through their undersigned Attorneys, the Law Offices of GOLDMAN & EHRLICH, CHTD., and as their Complaint against Defendant, Richard Breza, states as follows:

### NATURE OF THE ACTION

This is a civil action arising under Illinois state law, brough pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs seek damages from Defendant's wrongful termination of a general partnership relationship and, in the alternative, for Defendant's failure to pay for services rendered and promises made.

### PARTIES

1. Plaintiff Robert Breza is an individual residing in Scottsdale, Arizona.

2. Plaintiff Maritza Breza is an individual residing in Scottsdale, Arizona.

3. Defendant Richard Breza is an individual residing in Minnetrista, Minnesota.

### JURISDICTION, VENUE, & JURY DEMAND

1

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because Plaintiffs and Defendant are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in the Northern District of Illinois because the acts giving rise to this action occurred therein.

6. Plaintiff's demand a trial by jury.

## BACKGROUND

7. In or around October 2020, Plaintiff's and Defendant agreed to start a cannabis venture as a general partnership. They agreed to be equal owners along with other individuals, jointly manage the business, and contribute labor, capital, or both.

8. Earlier in 2020, Defendant formed RB Vending Investments, LLC in Illinois to operate part or all of the partnership business.

9. RB Vending Investments, LLC was funded, developed, and managed jointly by both Plaintiffs, Defendant Richard Breza and others, and was at all times a partnership asset, even if formally registered as a limited liability company.

10. Both Plaintiffs dedicated substantial time, unpaid labor, and professional expertise to building the business. Their contributions included, but were not limited to: preparing license applications, overseeing construction of cultivation facilities, securing TIF reimbursements, completing product sales, and developing private label brands.

11. In furtherance of the business, both Plaintiffs relocated at their own expense on two separate occasions, each time to a different state, to carry out critical responsibilities and support growth.

12. Plaintiffs also used their personal vehicles extensively for business purposes, putting approximately 60,000 miles on it without any reimbursement.

13. Without cause or agreement, Defendant unilaterally "terminated" Plaintiff Robert Breza and excluded both Plaintiffs from further involvement in the business and from any share of profits, including those derived through RB Vending Investments, LLC.

14. Defendant has since used RB Vending Investments, LLC to continue the same business, retaining all profits and benefits arising from the work Plaintiffs contributed.

15. In the alternative, if no enforceable partnership existed, Plaintiffs and Defendant entered into an agreement under which Plaintiffs would perform services for the business in exchange for compensation. Plaintiff Robert Breza fulfilled his obligations by providing substantial work and incurring personal expense, but Defendant failed to pay him as agreed.

16. Also in the alternative, if no enforceable agreement existed, Defendant repeatedly promised to compensate Plaintiff Robert Breza and led Plaintiff Robert Breza to believe he would share in the business's success. Relying on those promises, Plaintiff Robert Breza performed significant work that directly benefited Defendant and the LLC.

### COUNT I – BREACH OF FIDUCIARY DUTY (General Partnership)

17. Both Plaintiffs realleges and incorporates paragraphs 1-15.

18. Both Plaintiffs and Defendant formed a general partnership under state law.

19. RB Vending Investments, LLC was a business asset of the partnership.

20. Defendant owed fiduciary duties to both Plaintiffs as a partner, including duties of loyalty and care.

21. Defendant breached those duties by wrongfully excluding both Plaintiffs from the business, taking control of the LLC, and diverting business assets and profits for his benefit.

3

22. Both Plaintiffs have suffered substantial harm as a result.

## COUNT II – BREACH OF CONTRACT (Pled in the Alternative)

23. Plaintiff Robert Breza realleges and incorporates by reference paragraphs 1-15.

24. Plaintiff Robert Breza and Defendant entered into a valid and enforceable agreement under which Plaintiff Robert Breza agreed to perform work for the business and contribute his time, labor, and expertise in exchange for compensation.

25. Plaintiff Robert Breza fully performed his obligations under the agreement by undertaking substantial responsibilities to advance the business, including completing licensing requirements, managing operations, overseeing construction, securing financial incentives, developing sales and marketing strategies, and relocating at his own expense.

26. Defendant materially breached the agreement by terminating Plaintiff Robert Breza's involvement in the business and failing to pay him for the work he performed and expenses he incurred.

27. As a direct and proximate result of Defendant's breach, Plaintiff Robert Breza has suffered damages, including lost compensation, unreimbursed expenses, and the reasonable value of his services.

## COUNT III – UNPAID WAGES (Pled in the Alternative)

28. Plaintiff Robert Breza realleges and incorporates paragraphs 1-15.

29. Plaintiff Robert Breza performed services for the business, including services under the control and benefit of RB Vending Investments, LLC.

30. Defendant failed to pay wages owed under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*.

31. Plaintiff Robert Breza is entitled to unpaid wages, statutory penalties, and attorney fees.

4

## COUNT IV – PROMISSORY ESTOPPEL (Pled in the Alternative)

32. Plaintiff Robert Breza realleges and incorporates paragraphs 1-15.

33. Defendant made clear and definite promises to compensate Plaintiff f Robert Breza or his services and provide an ownership interest.

34. Plaintiff Robert Breza reasonably and detrimentally relied on those promises.

35. Injustice can only be avoided by enforcing Defendant's promises.

## COUNT V – UNJUST ENRICHMENT (Pled in the Alternative)

36. Plaintiff Robert Breza realleges and incorporates paragraphs 1-15.

37. Plaintiff Robert Breza rendered valuable services in connection with the business operating through RB Vending Investments, LLC.

38. Defendant knowingly accepted and benefited from those services.

39. It would be unjust to allow Defendant to retain those benefits without fair compensation.

## COUNT VI – COMMON LAW FRAUD

40. Plaintiff Robert Breza realleges and incorporates paragraphs 1-15.

41. Defendant knowingly misrepresented material facts about Plaintiff Robert Breza's role, ownership interest, and compensation expectations.

42. Plaintiff Robert Breza reasonably relied on those misrepresentations to his detriment.

43. Defendant acted with intent to deceive and for personal gain.

44. Plaintiff Robert Breza is entitled to compensatory and punitive damages.

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment in his favor and against Defendants as follows:

A. Compensatory damages in an amount to be determined at trial;

B. Restitution or disgorgement of profits wrongfully withheld;

C. Unpaid wages and related statutory penalties;

D. Punitive damages for Defendant's willful and malicious conduct;

E. Prejudgment and postjudgment interest as allowed by law;

F. Attorney fees and cost of suit; and

G. Any further relief as the Court deems just and proper.

*Web Arnold*

Tad Weber Arnold of the Law Offices of Goldman & Ehrlich, Chtd., as Attorney for Plaintiffs, ROBERT BREZA and MARITZA BREZA

Jonathan C. Goldman
Tad Weber Arnold
Law Offices of Goldman & Ehrlich, Chtd.
53 W. Jackson Blvd., Suite 815
Chicago, IL 60604
(312) 332-6733
jon@goldmanehrlich.com
web@goldmanehrlich.com